IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KESHA TERRY, et al., § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | 3:11-CV-0660-K (BK) | |
| § | | |
| ROSEMARY INOCENCIO, et al., § | | |
| Defendants. § | | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order No. 3, this case was automatically referred for pretrial management. For the reasons set forth below, it is recommended that Plaintiff's claims be dismissed with prejudice as frivolous, her children's claims be dismissed without prejudice, and Plaintiff's motion to appoint counsel to represent her children be denied.

### I. BACKGROUND

Plaintiff, a resident of Dallas, Texas, filed a *pro se* complaint on her own behalf and that of her children, naming Rosemary Inocencio, Carol Boyd, Robbie Burns, and Hagob Kofderal as Defendants. The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. (Doc. 3). To obtain information about the jurisdictional and factual bases of the complaint, the Court issued a questionnaire. (Doc. 6). Plaintiff filed answers to the questionnaire and moved for appointment of counsel to represent her children. (Doc. 7).

The complaint, as supplemented by the answers to the questionnaire, seeks to sue

Defendants for having Plaintiff's apartment unit "boarded up" for five days in January 2007, in lieu of pursuing a "legal eviction," when Plaintiff fell behind with her rent payment. (Doc. 2 at 1; Doc. 7, Ans. 1–2). Plaintiff, who is African American, alleges in passing that Defendants "discriminated against . . . [her and her children] and harmed [them]." (Doc. 7, Ans. 1). She states that Defendant Inocencio, who was the manager of the complex, was responsible for boarding up Plaintiff's unit, but that Defendant Inocencio refused to take the boards off despite being told by the police to do so. (Doc. 7, Ans. 3). Additionally, Plaintiff avers that Defendants Boyd, Burns, and Kofderal, who are either managers or representatives of the complex, failed to help Plaintiff. (*Id.*). Plaintiff alleges that because of the actions or inactions of the Defendants, Plaintiff and her children could not "let fresh air in" or "look out the window." (*Id.*, Ans. 2).

## II. DISCUSSION

A.    Plaintiff's Claims

Because Plaintiff is proceeding *in forma pauperis*, her complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

Plaintiff complains generally of racial discrimination in connection with the events that occurred at her apartment unit, which she rented from Defendants. (Doc. 2 at 1; Doc. 7, Ans. 1-3). In accordance with her *pro se* status, the Court liberally construes her filings to allege

potential violations under the Civil Rights and the Fair Housing Acts, thus presenting a basis for federal question jurisdiction. *See* 28 U.S.C. § 1331; *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers). The Civil Rights Acts prohibit race discrimination in the making and enforcement of contracts, as well as in the inheritance, purchase, lease, sale, holding, or conveyance of real and personal property. *See* 42 U.S.C. §§ 1981, 1982. The Fair Housing Act prohibits discrimination in the sale or rental of a dwelling. 42 U.S.C. § 3604, *et seq.*[1]

Even assuming Plaintiff's filings meet the pleading requirements under each of the aforementioned statutes, her claims are time barred. *See Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (court can raise affirmative defense of statute of limitations *sua sponte* in an *in forma pauperis* action). Plaintiff concedes the allegedly discriminatory actions occurred in 2007. (Doc. 2 at 1; Doc. 7, Ans. 1–2). Thus, more than two years have elapsed since the events giving rise to Plaintiff's claims. *See Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988) (applying two-year limitations period to section 1981 claim); *Dews v. Town of Sunnyvale, Tex.*, 109 F. Supp. 2d 526, 563 (N.D. Tex. 2000) (two-year limitations period governs sections 1981

---

[1] Plaintiff cannot plead the existence of subject-matter jurisdiction on the basis of diversity. 28 U.S.C. § 1332 requires "complete diversity" of citizenship. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992) (district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants)). The answers to the questionnaire confirm that Plaintiff and Defendants Inocencio, Boyd, and Burns are all citizens of the State of Texas. (Doc. 7, Ans. 4). While Defendant Kofderal is a citizen of the State of California (*Id.*), that is insufficient to establish complete diversity since Plaintiff shares the same state of citizenship with at least one Defendants.

and 1982 claims and Fair Housing Act claims);[2] 42 U.S.C. § 3613(a)(1)(A) (setting out two-year limitations period for claims under Fair Housing Act).

In addition, Plaintiff cannot demonstrate that she is entitled to equitable tolling of the limitations period because of a "legal disability." *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.001 (West 2011) ("a person is under a legal disability if the person is: (1) younger than 18 years of age, regardless of whether the person is married; or (2) of unsound mind."); *cf. Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998) (applying Texas equitable tolling principles to civil rights action under section 1983). Because all claims are barred by the two-year statute of limitations, Plaintiff's complaint lacks an arguable basis in law and should be dismissed with prejudice as frivolous.[3]

To the extent Plaintiff seeks to assert a claim under state law, the Court declines to exercise supplemental jurisdiction over such a claims *See* 28 U.S.C. § 1367(c)(3) (district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction").

---

[2] Texas two-year personal injury limitations period governed cause of action under 42 U.S.C. § 1982. *Humphrey v. J.B. Land Co.*, 478 F. Supp. 770, 771 (S.D. Tex. 1979). As such, any claim under this section is barred in Texas if it occurs outside the two-year statute of limitations for personal injury claims.

[3] Plaintiff's allegations do not support a claim under 42 U.S.C. § 1983 because Defendants are private individuals (Doc. 7, Ans. 3), not state actors. *See* West v. Atkins, 487 U.S. 42, 48 (1988) (to raise claim under section 1983, plaintiff must allege that (1) she was deprived of a right secured to her by the Constitution or federal law; and (2) the deprivation was committed by a person acting under color of state law.) Even assuming a proper section 1983 claim, the two-year statute of limitations has long elapsed as noted above. *See* Stanley v. Foster, 464 F.3d 565, 568 (5th Cir. 2006) (applying two-year personal injury limitations period to section 1983 claim).

B.   Children's Claims and Motion to Appoint Counsel

The Court previously advised Plaintiff that, as a *pro se* litigant, she cannot represent her minor children in this action and will need to hire a licensed attorney to represent their claims. *See* Doc. 5, Order, note 1; *see also Wade v. Carrollton-Farmers Branch Indep. Sch. Dist.*, 2009 WL 2058446, *2 (N.D. Tex. 2009) (right to proceed *pro se* in federal court does not give non-lawyer parents the right to represent their children in legal proceedings). Relying on her limited income and disability, Plaintiff requests the Court to appoint counsel to represent her minor children. (Doc. 8 at 1). Because Plaintiff's claims lack an arguable basis in law, the Court declines to appoint counsel for Plaintiff's minor children and dismisses all claims on their behalf without prejudice. *See Castro Romero v. Becken*, 256 F.3d 349, 353-354 (5th Cir. 2001) (*in forma pauperis* plaintiff not entitled to court-appointed counsel as a matter of law).[4]

---

[4] The statute of limitations does not bar the minor children's claim. Tex. Civ. Prac. & Rem. Code Ann. § 16.001 (West 2011) tolls the statute of limitations if the plaintiff is under 18 years of age. Consequently, in the event that Plaintiff's minor children have colorable claims, the statute of limitations will not begin to run until they reach their 18th birthday. *See Hickey v. Irving Indep. Sch. Dist.*, 976 F.2d 980, 984 (5th Cir. 1992) (claim was tolled until plaintiff reached 18th birthday).

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's claims be **DISMISSED** *sua sponte* with prejudice as frivolous, *see* 28 U.S.C. § 1915(e)(2)(B), that Plaintiff's children's claims be **DISMISSED** without prejudice, and that Plaintiff's motion to appoint counsel on behalf of her children (Doc. 8) be **DENIED**.

SIGNED May 20, 2011.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE