IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KESHA TERRY, et al., | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | 3:11-CV-0660-K (BK) |
| | § | |
| ROSEMARY INOCENCIO, et al., | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was automatically referred for pretrial management. For the reasons that follow, it is recommended that (1) Plaintiff's civil rights claims be dismissed with prejudice as frivolous, (2) her children's claims be dismissed without prejudice, and (3) Plaintiff's motion to appoint counsel to represent her children be denied.

**I. BACKGROUND**

Plaintiff, a resident of Dallas, Texas, filed a *pro se* complaint on her own behalf and that of her children, naming Rosemary Inocencio, Carol Boyd, Robbie Burns, and Hagob Kofderal as Defendants. The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. The Court subsequently issued three questionnaires to Plaintiff to obtain information about the jurisdictional and factual bases of the complaint. Plaintiff filed answers to the questionnaires and moved for appointment of counsel to represent her children.

The complaint, as supplemented by the answers to the questionnaires, seeks to sue Defendants for having Plaintiff's apartment unit "boarded up" for five days in January 2007, in

lieu of pursuing a "legal eviction," when Plaintiff fell behind with her rent payment. (Doc. 2 at 1; Doc. 7, Ans. 1–2). Plaintiff, who is African American, alleges in passing that Defendants "discriminated against . . . [her and her children] and harmed [them]." (Doc. 7, Ans. 1). She states that Defendant Inocencio, who was the manager of the complex, was responsible for boarding up Plaintiff's unit, but that Defendant Inocencio refused to take the boards off despite being told by the police to do so. (Doc. 7, Ans. 3). Additionally, Plaintiff avers that Defendants Boyd, Burns, and Kofderal, who are either managers or representatives of the complex, failed to help Plaintiff. (*Id.*). Plaintiff alleges that because of the actions or inactions of the Defendants, Plaintiff and her children could not "let fresh air in" or "look out the window." (*Id.*, Ans. 2).

## II. DISCUSSION

### A.    Plaintiff's Claims

Because Plaintiff is proceeding *in forma pauperis*, her complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

Plaintiff complains generally of racial discrimination in connection with the events that occurred at her apartment unit, which she rented from Defendants. (Doc. 2 at 1; Doc. 7, Ans. 1-3.) In accordance with her *pro se* status, the Court liberally construes her filings to allege potential violations under the Civil Rights and the Fair Housing Acts, thus presenting a basis for

federal question jurisdiction.[1]  *See* 28 U.S.C. § 1331; *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers).  The Civil Rights Act prohibits race discrimination in the making and enforcement of contracts, as well as in the inheritance, purchase, lease, sale, holding, or conveyance of real and personal property.  *See* 42 U.S.C. §§ 1981, 1982.[2]

Even assuming Plaintiff's filings meet the pleading requirements under the Civil Rights Act, her claims are time barred as set out more fully below.  *See Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)) (in *in forma pauperis* actions, court "may raise the defense of limitations *sua sponte* . . . [and] [d]ismissal is appropriate if it is clear from the face of the complaint that the claims asserted are barred by the applicable statute of limitations").

1.   Civil Rights Act Claims

Texas two-year personal injury limitations period, Tex. Civ. Prac. & Rem. Code § 16.003(a) (West 2011), governs causes of action under 42 U.S.C. §§ 1981 and 1982.  *See Price v.*

---

[1] In her *Objection* filed on June 6, 2011, Plaintiff stated, for the first time, that she was seeking relief under the Fair Housing Act. (Doc. 11. at 2.)  Because she exhausted her administrative remedies (Doc. 14 and 19), the Court issued process on her Fair Housing Act claim contemporaneously with this recommendation.

[2] Plaintiff cannot plead the existence of subject-matter jurisdiction on the basis of diversity.  28 U.S.C. § 1332 requires "complete diversity" of citizenship.  *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992) (district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants)).  The answers to the questionnaire confirm that Plaintiff and Defendants Inocencio, Boyd, and Burns are all citizens of the State of Texas.  (Doc. 7, Ans. 4).  While Defendant Kofderal is a citizen of the State of California (*Id.*), that is insufficient to establish complete diversity since Plaintiff shares the same state of citizenship with at least one Defendant.

*Digital Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988) (applying two-year limitations period to section 1981 claim); *Dews v. Town of Sunnyvale, Tex.*, 109 F. Supp. 2d 526, 563 (N.D. Tex. 2000) (two-year limitations period governs sections 1981 and 1982 claims). "Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993).

Plaintiff concedes the allegedly discriminatory action occurred in January 2007. (Doc. 2 at 1; Doc. 7, Ans. 1–2). Thus, her civil rights claims are time barred because more than two years have elapsed since the events giving rise to them. In addition, Plaintiff cannot demonstrate that she is entitled to equitable tolling of the limitations period because of a "legal disability." *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.001 (West 2011) ("a person is under a legal disability if the person is: (1) younger than 18 years of age, regardless of whether the person is married; or (2) of unsound mind."); *cf. Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998) (applying Texas equitable tolling principles to civil rights action under section 1983).[3] Accordingly, Plaintiff's civil rights claims lack an arguable basis in law and should be dismissed with prejudice as frivolous.

**B.      Children's Claims and Motion to Appoint Counsel**

The Court previously advised Plaintiff that, as a *pro se* litigant, she cannot represent her minor children in this action and will need to hire a licensed attorney to represent their claims.

---

[3] Texas two-year personal injury limitations period also governs causes of action under 42 U.S.C. § 1983. *See Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006). Plaintiff's allegations, however, do not support a claim under section 1983 because Defendants are private individuals (Doc. 7, Ans. 3), not state actors. *See* West v. Atkins, 487 U.S. 42, 48 (1988) (to raise claim under section 1983, plaintiff must allege that (1) she was deprived of right secured to her by the Constitution or federal law; and (2) the deprivation was committed by person acting under color of state law).

*See* Doc. 5, Order, note 1; *see also Wade v. Carrollton-Farmers Branch Indep. Sch. Dist.*, 2009 WL 2058446, *2 (N.D. Tex. 2009) (right to proceed *pro se* in federal court does not give non-lawyer parents the right to represent their children in legal proceedings). Relying on her limited income and disability, Plaintiff requests the Court to appoint counsel to represent her minor children. (Doc. 8 at 1.) Because Plaintiff's claims lack an arguable basis in law, the Court declines to appoint counsel for Plaintiff's minor children and recommends that all claims on their behalf be dismissed without prejudice. *See Castro Romero v. Becken*, 256 F.3d 349, 353-354 (5th Cir. 2001) (*in forma pauperis* plaintiff not entitled to court-appointed counsel as a matter of law).[4]

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's civil rights claims be **DISMISSED** *sua sponte* with prejudice as frivolous, *see* 28 U.S.C. § 1915(e)(2)(B), that Plaintiff's children's claims be **DISMISSED** without prejudice, and that Plaintiff's motion to appoint counsel on behalf of her children (Doc. 8) be **DENIED**.

SIGNED September 6, 2011.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[4] The statute of limitations does not bar the minor children's claim. Tex. Civ. Prac. & Rem. Code Ann. § 16.001 (West 2011) tolls the statute of limitations if the plaintiff is under 18 years of age. Consequently, in the event that Plaintiff's minor children have colorable claims, the statute of limitations will not begin to run until they reach their 18th birthday. *See Hickey v. Irving Indep. Sch. Dist.*, 976 F.2d 980, 984 (5th Cir. 1992) (claim was tolled until plaintiff reached 18th birthday).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE