IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KESHA TERRY, § | |
|    Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:11-CV-0660-K-BK |
| § | |
| ROSEMARY INOCENCIO, *et al.*, § | |
|    Defendants. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the District Judge's order of referral, the undersigned Magistrate Judge now considers Defendants' *Motion to Dismiss for Plaintiff's Failure to State a Claim* (Doc. 32) and Plaintiff's *Unopposed Motion for Leave to Amend Original Complaint* (Doc. 77). For the reasons that follow, it is recommended that Defendant's motion be **DENIED** and Plaintiff's motion be **GRANTED**.

### I.  BACKGROUND

Plaintiff filed this suit on March 31, 2011, alleging that, when she was behind on her rent in January 2007, Defendants boarded up the windows to her apartment while she and her children were inside, instead of pursuing a legal eviction. (Doc. 2 at 1). Plaintiff had initially filed an administrative claim on August 29, 2007, for violations of the Fair Housing Act ("FHA"). (Doc. 15 at 2). Plaintiff received a letter dated July 14, 2009, from the Department of Housing and Urban Development ("HUD") informing her that her case was closed on May 12, 2009, with a "determination of no cause" and informing her of her right to file an action in this Court within two years of that date. (Doc. 15 at 1). Proceeding without the assistance of counsel at the time, her civil rights claims were dismissed by the Court and her unrepresented children

were dismissed as parties, leaving only Plaintiff's claims under the FHA. (Docs. 20, 28). The Court then issued summons to Defendants. (Doc. 22).

Defendants moved to dismiss Plaintiff's complaint for failure to state a claim on October 13, 2011, arguing that Plaintiff's claims were outside the relevant statute of limitations. (Doc. 32 at 1–2). On the same day, Plaintiff filed a notice of interlocutory appeal seeking to reverse the Court's dismissal of her civil rights claims. (Doc. 34). Shortly thereafter, the Court ordered Defendants to brief the issue of equitable tolling as it related to their statute of limitations defenses raised in the motion to dismiss. (Docs. 37, 40). Plaintiff's appeal was subsequently dismissed as frivolous on November 20, 2012. (Docs. 45–46). A resolution of the motions *sub judice* and this case generally has been delayed because of (1) Plaintiff's interlocutory appeal; (2) historical difficulty in deciphering Plaintiff's pleadings; (3) Defendants' mischaracterization of their motion to dismiss as an answer when filing via CM/ECF,[1] and (4) great difficulty communicating with Defendants' counsel. *See*, *e.g*., Doc. 51.

Eventually, the Court entered a scheduling order establishing February 28, 2013, as the deadline for any joinder of parties or amendment of pleadings. (Doc. 58 at 1). The Court appointed counsel for Plaintiff on May 16, 2013. (Doc. 65). On September 2, 2013, Plaintiff filed her motion for leave to amend. (Doc. 77). A review of the proposed amended complaint reveals that Plaintiff seeks to rejoin her children as parties to the suit and substitute the apartment complex ("Chivas Square") for Defendants Burns and Kofdarali. (Doc. 77-1 at 3–4). The proposed amended complaint also adds a considerable amount of detail to Plaintiff's factual allegations, but does not assert any additional causes of action. (Doc. 77-1 at 5–10). On the

---

[1] Defendants' motion to dismiss was mistakenly submitted as an answer, and it was only recently, after the mistake was corrected, that the docket now indicates the motion is indeed pending.

whole, Plaintiff's proposed amended complaint differs substantially from her original, handwritten complaint. Counsel for Defendants has not responded, nor sought leave to do so (Doc. 77 at 5), however, he did indicate at the July 19, 2013, status conference that he had no problem with Plaintiff's proposed amendments, so long as he was not waiving any defenses. Even so, out of an abundance of caution and because Defendants never directly responded to this motion, the Court will proceed as though it is opposed.

## II.  DISCUSSION

### A.  Defendant's Motion to Dismiss

Defendants argue (and Plaintiff does not dispute) that, because the clock started running before Plaintiff filed her administrative complaint, the limitations period expired on October 28, 2010. (Doc. 40 at 1). Thus, this case -- filed approximately five months after that date was -- brought beyond the statutory deadline for doing so. Defendants contend that absent equitable tolling, Plaintiff has failed to state a claim upon which relief can be granted and this suit should be dismissed. *Id*. at 4.

Plaintiff relies on the letter she received from HUD informing her that her case was closed on May 12, 2009, and that she had a right to file an action in this Court within two years of that date. However, Defendants argue that Plaintiff's failure to timely file is nothing of the extraordinary, and that her reliance on the HUD letter is a common mistake and not sufficient to warrant equitable tolling. *Id*. Defendants also argue that ignorance of the law does not justify equitable tolling. *Id*. Contrary to Defendants' arguments, however, the Court concludes equitable tolling is appropriate under the facts presented here. Motions to dismiss under Federal Rule of Civil Procedure Rule 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). However, a complaint must be dismissed pursuant to Rule

12(b)(6) if it fails to state a claim upon which relief may be granted. Under the 12(b)(6) standard, a court cannot look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir.1999).

When considering a motion to dismiss, the court accepts as true all well-pleaded facts and views those facts in a light most favorable to the plaintiff. *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). Dismissal is required when a complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc*. 339 F.3d 359, 366 (5th Cir. 2003) (citing *Taylor v. Books A Million*, 296 F.3d 376, 378-379 (5th Cir. 2002); *Kansa Reinsurance v. Congressional Mortg. Corp.*, 20 F.3d 1362, 1366-70 (5th Cir. 1994)).

A civil action under the FHA must be brought no later than two years after the occurrence or termination of an alleged discriminatory housing practice. 42 U.S.C. § 3613(a)(1)(A). The computation of this two-year period does not include any time during which an administrative proceeding is pending. 42 U.S.C. § 3613(a)(1)(B). For actions brought after the statute of limitations, equitable tolling may apply, but only in rare and exceptional circumstances. *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). The doctrine of equitable tolling preserves a plaintiff's claims when "strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000).

Defendants are correct that ordinarily, ignorance of the law does not justify equitable tolling. *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991), However,

4

equitable tolling may apply when "lack of sophistication" prevents a plaintiff from understanding administrative procedures. *Teemac*, 298 F.3d at 457 (citing *Rowe v. Sullivan*, 967 F.2d 186, 192 (5th Cir. 1992). There is no doubt that Plaintiff is not a sophisticated legal consumer -- a fact germane to the Court's decision to appoint counsel to represent her. Her lack of sophistication explains why she would credit the representation of a governmental agency official as to the time period for filing this case. Equitable tolling has been deemed appropriate where the delay in filing was caused by the administrative agency "misleading the plaintiff about the nature of her rights." *Ramirez v. City of San Antonio*, 312 F.3d 178, 183 (5th Cir. 2002) (quoting *Blumberg v. HCA Mgmt. Co*., 848 F.2d 642, 644 (5th Cir. 1988)). Here, Plaintiff was misinformed by a government official that she had until May 12, 2011, to file a complaint in this Court and, thus, filed her complaint within the period specified. (Doc. 15 at 1). Under these circumstances, equitable tolling is warranted, and Defendants' motion to dismiss should be **DENIED**.

   B. **Plaintiff's Motion for Leave to Amend**

Plaintiff contends that the Court should freely grant leave to amend her complaint because there is good cause to do so. (Doc. 77 at 3). In a supplemental brief requested by the Court, Plaintiff argues that she intended to sue Chivas Square all along and only mistakenly sued Burns and Kodfarali, as evidenced by Chivas Square being joined to the FHA claim Plaintiff pursued at the administrative level. (Doc. 85 at 5). Plaintiff further asserts that, due to its joinder at the administrative level, and because one Defendant acts as registered agent for Chivas Square, the apartment complex had sufficient notice of this suit so as to not be prejudiced by the amended complaint. *Id*. at 5–6. Finally, Plaintiff avers that Defendants' counsel represented both Defendants and Chivas Square at the administrative level. *Id*. at 5. Despite the protracted

evolution of this case, the Court concludes that Plaintiff request for leave to amend her complaint should be granted.

When the deadline for amending pleadings has passed, a plaintiff must demonstrate "good cause" to modify the scheduling order. FED. R. CIV. P. 16(b)(4). The Court considers four factors in determining whether to allow a plaintiff's untimely amendment to the pleadings: (1) the plaintiff's explanation for failure to timely seek to amend her complaint; (2) the importance of the amendment; (3) the potential prejudice to the defendants if the amendment is permitted; and (4) the availability of a continuance to cure the prejudice to the defendants. *S&W Enters., LLC v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). While Rule 15(a) provides that leave to amend "shall be freely given when justice so requires," in order for this liberal standard to apply, the plaintiff first must show good cause as described above. *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008).

Next, a plaintiff must show that her amendment would relate back to the time period prior to the expiration of the relevant statute of limitations (in this case, the original date of filing, based on tolling of the limitations period, as discussed *supra*). Rule 15(c)(1)(B) requires that amendments must assert a claim that arose out of the original transaction or occurrence to relate back to an original complaint for limitations purposes. FED. R. CIV. P. 15(c)(1)(B). Subsection (c) provides further that an amendment relates back when:

> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> > (i)  received such notice of the action that it will not be prejudiced in defending on the merits; and

> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

FED. R. CIV. P. 15(c)(1)(C). Thus, for a plaintiff to establish that her proposed amendment relates back, the proposed party must have received sufficient notice so as not to be prejudiced and have known or should have known that, but for the mistake of identity, the party would have been named originally. *Sanders-Burns v. City of Plano*, 594 F.3d 366, 373 (5th Cir. 2010) (quoting STEVEN BAICKER-MCKEE ET AL., FEDERAL CIVIL RULES HANDBOOK 531–32 (2009)). The core concern is the adequacy of notice. *Id*. at 377.

The Court finds persuasive Plaintiff's explanation that she intended to sue Chivas Square all along but failed to as a result her lack of legal acumen. Now that Plaintiff has counsel, her children may be reinstated as properly-represented parties and she is able to sue the intended entity. *Cf. SouthTrust*, 315 F.3d at 536–37 (affirming denial of amendment where the plaintiff offered "effectively no explanation"). Second, the substance of Plaintiff's claim does not change if the Court grants her leave to amend; the only importance would be the addition of Chivas Square as a party, which is addressed in more detail *infra*. Third, there is little prejudice to Defendants if Chivas Square is joined as a party to the suit, especially because no substantive discovery has occurred and, indeed, Defendants have yet to answer Plaintiff's original complaint. *See id*. at 537 (noting that the defendant would be required to conduct additional discovery). Finally, while Plaintiff's amendment would further delay this already dated case, the Court's difficulties with Defendants' counsel are certainly just as responsible for the slow pace at which this case has progressed. *See, e.g.,* Docs. 74, 80, 81, 84. Ultimately, the *SouthTrust* factors weigh in favor of permitting Plaintiff's amendment.

7

Moreover, Plaintiff's claim against Chivas Square relates back to that raised in her original complaint because Chivas Square received sufficient notice so as to not be prejudiced by the amendment. *See* FED. R. CIV. P. 15(c)(1)(C).  Not only was Chivas Square named in Plaintiff's FHA claim at the administrative level, (Doc. 85-1 at 6), the proceeding itself was captioned "Kesha Terry vs. Chivas Square Apartments," *id*. at 2.  Additionally, as Plaintiff notes, Defendants were or are employees of Chivas Square, with Defendant Burns serving as Chivas Square's registered agent and Defendant Kofdarali serving as the general partner of Chivas Square Apartments, LP.  (Doc. 85 at 5; Doc. 85-1 at 6, 18–20).  Furthermore, counsel for current Defendants here served as counsel for all respondents in the administrative proceeding, including Chivas Square.  (Doc. 85-1 at 6).

Finally, given Plaintiff's answers to the Court's questionnaires at the onset of this action (Doc. 7 at 2–3), it is clear that Plaintiff did not intend to sue Defendants in their individual capacities but, instead, to sue Chivas Square. C*f. Sanders-Burns*, 594 F.3d at 379–80 (allowing amendment bringing suit against defendant in individual capacity where the original complaint was brought against defendant in official capacity).  But for Plaintiff's mistake, Chivas Square would have been sued originally and, thus, should have foreseen being included as a party to this lawsuit after defending itself against the same allegations at the administrative level. *Sanders-Burns*, 594 F.3d at 373.  The core concern here is adequacy of notice, and Chivas Square had plenty. *Id*. at 377.  Accordingly, the Court finds that Plaintiff's claim against Chivas Square relates back to the filing of her original complaint.

## III.  CONCLUSION

For the foregoing reasons, it is recommended that Defendants' *Motion to Dismiss for Plaintiff's Failure to State a Claim* (Doc. 32) be **DENIED** and Plaintiff's *Unopposed Motion for Leave to Amend Original Complaint* (Doc. 77) be **GRANTED**, and that the Clerk of Court be **DIRECTED** to docket Plaintiff's *Proposed First Amended Complaint and Jury Demand* (Doc. 77-1).

**SIGNED** November 6, 2013.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE